## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: CYMBALTA (DULOXETINE)
PRODUCTS LIABILITY LITIGATION (NO. II)                    MDL No. 2662

### ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiffs in two actions (*Beard* and *Courtney*) pending in the Southern District of Indiana move under 28 U.S.C. § 1407 to centralize 41 actions in that district.[1]  The actions, which are listed on the attached Schedule A, are pending in a total of 22 districts.  Plaintiffs in the other 39 actions did not respond to the motion.  Common defendant Eli Lilly and Company (Lilly) opposes centralization.

I.

The complaints in these 41 personal injury actions are substantially similar.  Plaintiffs allege that they suffered a wide variety of withdrawal symptoms – including, *inter alia*, "brain zaps," memory lapses, suicidal thoughts, increased anxiety, stomach cramping, insomnia, nausea, and dizziness – after discontinuing use of Cymbalta, a Lilly prescription drug used to treat depression, generalized anxiety disorder, diabetic peripheral neuropathic pain, fibromyalgia, and chronic musculoskeletal pain.  Plaintiffs contend that at all relevant times, Lilly has known or should have known of the significantly increased risk of withdrawal symptoms posed by Cymbalta, but has failed to warn of that risk adequately.

This litigation is before us for a second time.  At our December 2014 hearing session, we denied a motion for centralization of 25 Cymbalta cases (eighteen of which also are included in the present motion).  *See In re: Cymbalta (Duloxetine) Prods. Liab. Litig.* (*Cymbalta I*), 65 F. Supp. 3d 1393 (J.P.M.L. 2014).  At the time of the denial, we also were aware of 21 other related federal actions.  *See id.* at 1393 n.1.  As now, Lilly opposed centralization.

In our *Cymbalta I* decision, we acknowledged that these actions "share factual issues concerning Cymbalta's development, marketing, labeling, and sale," *id.* at 1393, but concluded that centralization was not warranted for a number of reasons.  First, the procedural posture of the actions "varie[d] significantly."  *Id.*  For example, whereas in the two earliest-filed of the cases, the

---

[*]        Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]        As filed, the Section 1407 motion encompassed a total of 43 actions, but two have since been dismissed.

-2-

discovery cutoff was quickly approaching, the more recently filed actions were "still in their infancy." *Id*. at 1394. Second, the record showed "that most, if not all common discovery ha[d] already taken place in th[e] earlier-filed actions." *Id*. Lilly already had produced nearly two million pages of documents, as well as corporate representatives for Rule 30(b)(6) depositions in the areas of drug safety, sales training, and labeling. *Id*. Third, only a limited number of plaintiffs' counsel were involved in the litigation. *Id*. Just two firms represented plaintiffs in all of the 25 constituent actions, and Lilly was represented by only one law firm. *Id*.

II.

On the basis of the papers filed and the hearing session held, we deny plaintiffs' motion, as there has been no "significant change in circumstances" in the litigation since our decision in *Cymbalta I*.[2] All the factors that weighed against centralization then still are present today. These 41 cases are at substantially different procedural stages. For example, although eighteen of the cases were commenced in August 2014, the eight actions in the Southern District of Indiana all were brought just this year, and do not have scheduling orders.[3] In contrast, the Middle District of Florida *Krupp* action has a discovery cutoff of February 5, 2016; the Middle District of Alabama *Moss* action has a cutoff of March 25, 2016; and the Southern District of California *Wheeler* has a cutoff of April 29, 2016.

Common discovery has advanced even further since *Cymbalta I*. Indeed, in recent months, four Cymbalta cases have gone to trial – including two cases in the Central District of California that were on the Section 1407 motion in *Cymbalta I*. According to Lilly, it has produced nearly three million pages of documents; Lilly witnesses have sat for four 30(b)(6) depositions covering such topics as the company's regulatory affairs, sales training, clinical trial, and safety surveillance functions; and there have been seven fact depositions of current and former Lilly employees involved with the development, clinical trials, and post-marketing surveillance of Cymbalta withdrawal trials. Lilly represents that it has made this common discovery available to all plaintiffs in cases in which discovery has been served on Lilly and protective orders have been entered, and that it will make that discovery available to all plaintiffs in the same manner. Although moving plaintiffs complain that discovery has been conducted in an uncoordinated manner and that Lilly's production has been deficient in several respects, the current record even more firmly supports our conclusion in *Cymbalta I* that "the discovery that has occurred to date has been substantial." *See* 65 F. Supp. 3d at 1394.

Finally, the record does not show a significant increase in the number of unique counsel. Plaintiffs in these actions are represented by one or more of four law firms, and Lilly is represented

---

[2]     *See In re: Plavix Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 923 F. Supp. 2d 1376, 1378 (J.P.M.L 2013).

[3]     In the Southern District of Indiana *Washington* and *Jones* actions, Lilly was served only just recently – on August 28, 2015.

-3-

in virtually all actions by the same law firm.  Given this limited number of involved counsel, informal coordination and cooperative efforts by the parties and involved courts remain practicable.[4] *See, e.g.,  In re:  Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litig., Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              R. David Proctor
Catherine D. Perry

---

[4]     Moving plaintiffs argue that since *Cymbalta I*, Lilly has refused to cooperate in various ways, including (1) rejecting a proposed tolling agreement providing for informal discovery followed by possible settlement discussions, (2) refusing to consent to plaintiffs' plan to dismiss all pending cases outside the Southern District of Indiana without prejudice – provided that Lilly agree not to raise statute of limitations defenses that existed prior to the dismissals – and then to re-file those cases in that district, (3) opposing plaintiffs' subsequent efforts to have certain actions transferred to the Southern District of Indiana under 28 U.S.C. § 1404, and (4) objecting to the bundling of multiple, unrelated plaintiffs from various states in a single complaint.  But in our decisions in which we have denied centralization and found cooperation feasible, we have never suggested that such cooperation entails requiring a party to acquiesce to a given motion, agree not to raise a possible claim or defense, or accede to its opponent's use of a particular procedural stratagem.

**IN RE: CYMBALTA (DULOXETINE)**
**PRODUCTS LIABILITY LITIGATION (NO. II)**                    MDL No. 2662

## SCHEDULE A

Middle District of Alabama

MOSS, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 3:14-01135

Central District of California

PATTERSON, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:14-08527
CAPORALE, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 5:14-01662
HOLLOWELL, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 5:14-01663
BARRETT, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 5:14-01675
O'SHEA, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 8:14-01274

Eastern District of California

CHESHIER v. ELI LILLY AND COMPANY, C.A. No. 1:14-01265
WOODRUFF, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:14-01890
NELSON-DEVLIN, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:14-02811
BEN, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:14-02914
WOLFF, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:14-03004

Southern District of California

WHEELER, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 3:14-01882

District of Colorado

CHENEY, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:14-02249
MARTIN v. ELI LILLY AND COMPANY, C.A. No. 1:14-02800

Middle District of Florida

LAICA-BHOGE, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 6:14-01286
VALENTINO v. ELI LILLY AND COMPANY, C.A. No. 6:14-01816
KRUPP, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 8:14-02792
BROTHERTON v. ELI LILLY AND COMPANY, C.A. No. 8:14-02876

- A2 -

**MDL No. 2662 Schedule A (Continued)**

      <u>Northern District of Georgia</u>

COUCH v. ELI LILLY AND COMPANY, ET AL., C.A. No. 1:14-02564

      <u>Southern District of Indiana</u>

HILL, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:15-00141
BOLES ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:15-00351
DECRANE, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:15-00365
BICKHAM, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:15-00531
COURTNEY, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:15-00643
WASHINGTON, ET AL. v. ELI LILLY AND COMPANY., C.A. No. 1:15-00700
JONES, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:15-00701
BEARD, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:15-00922

      <u>Western District of Louisiana</u>

FAIRBANKS v. ELI LILLY AND COMPANY, ET AL., C.A. No. 1:14-02469

      <u>District of Maine</u>

ORLANDO, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:14-00438

      <u>District of Maryland</u>

BOLING, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 8:14-02554

      <u>District of Minnesota</u>

MCCABE v. ELI LILLY AND COMPANY, ET AL., C.A. No. 0:14-03132

      <u>Northern District of Mississippi</u>

SPEARMAN, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 1:15-00006

      <u>District of Nevada</u>

WALKER v. ELI LILLY AND COMPANY, C.A. No. 2:14-01988

- A3 -

**MDL No. 2662 Schedule A (Continued)**

<u>District of New Hampshire</u>

CARPENTER, ET AL. v. ELI LILLY AND COMPANY, ET AL., C.A. No. 1:14-00540

<u>Eastern District of North Carolina</u>

WILLIAMS, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 5:14-00460

<u>Middle District of North Carolina</u>

HARRIS v. ELI LILLY AND COMPANY, ET AL., C.A. No. 1:14-00682

<u>Western District of Pennsylvania</u>

ROSSERO, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:14-01084

<u>Eastern District of Tennessee</u>

EDENS, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 3:14-00491

<u>Southern District of Texas</u>

PORKORNY, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 4:14-02960

<u>Eastern District of Washington</u>

WAGNER, ET AL. v. ELI LILLY AND COMPANY, C.A. No. 2:14-00270

<u>Western District of Wisconsin</u>

STREETER v. ELI LILLY AND COMPANY, C.A. No. 3:14-00555